IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB 17 2022
CLERK, U.S. DISTRICT COURT
By_____
Deputy

KEVIN MERRITT, §
§
    Movant, §
§
VS. § NO. 4:21-CV-1323-A
§ (NO. 4:19-CR-088-A)
UNITED STATES OF AMERICA, §
§
    Respondent. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Kevin Merritt, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The court, having considered the motion, the government's response, the reply, the record, and applicable authorities, finds that the motion should be denied.

I.

Background

The record in the underlying criminal case reflects the following:

On March 21, 2019, movant was named in a one-count information charging him with possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C.

§§ 841(a)(1) and (b)(1)(C). CR Doc.¹ 12. On March 29, 2019, movant appeared before the court with the intent to enter a plea of guilty without benefit of a written plea agreement. CR Doc. 17. Movant and his attorney signed a waiver of indictment. CR Doc. 18. They also signed a factual resume setting forth the maximum penalties faced by movant, the elements of the offense, and the stipulated facts establishing that movant had committed the offense. CR Doc. 19. Movant testified under oath at arraignment that: He understood that he should never depend or rely upon any statement or promise by anyone as to what penalty would be assessed against him and that his plea must not be induced or prompted by any promises, mental pressure, threats, force, or coercion; he had discussed with his attorney how the sentencing guidelines might apply in his case; the court would not be bound by the stipulated facts and could take into account other facts; the guideline range could not be determined until the presentence report ("PSR") had been prepared; his term of imprisonment could be as much as twenty years; he understood the elements of the offense and he admitted that all of them existed; he had read and understood the information; he had read and understood the factual resume and understood everything in

---

¹ The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:19-CR-088-A.

2

it; he was satisfied with his representation; no threats or promises had been made to induce him to plead guilty; and, the stipulated facts in the factual resume were true. CR Doc. 43.

The probation officer prepared the PSR, which reflected that movant's base offense level was 36. CR Doc. 24, ¶ 14. He received a two-level and a one-level reduction for acceptance of responsibility. Id. ¶¶ 21, 22. Based on a total offense level of 33 and a criminal history category of IV, movant's guideline imprisonment range was 188 to 235 months. Id. ¶ 85. Movant filed objections, CR Doc. 26, and the probation officer prepared an addendum to the PSR. CR Doc. 28.

The court sentenced movant to a term of imprisonment of 235 months. CR Doc. 37. He appealed, CR Doc. 39, and his sentence was affirmed. United States v. Merritt, 809 F. App'x 243 (5th Cir. 2020). His petition for writ of certiorari was denied. Merritt v. United States, 141 S. Ct. 1107 (2021).

II.

Grounds of the Motion

Movant asserts four grounds in support of his motion, worded as follows:

> Ground One: Guilty plea was not "knowingly or intelligently given
>
> Ground Two: Ineffective assistance of counsel, durning [sic] petitioner's plea hearing

3

>Ground Three: The district court violated Fed. R. Crim. P. 11
>
>Ground Four: Appeallant [sic] counsel was ineffective for failing to raised [sic] the Rule 11 violation

Doc.² 1 at 7-8.

### III.

### Standards of Review

A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result

---

² The "Doc. __" reference is to the number of the item on the docket in this civil action.

4

in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not

just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

In support of his first ground, that his guilty plea was not knowingly or voluntarily made, movant alleges that neither the court nor the United States showed or alleged that his conduct was unlawful; nor did the court find that movant committed any unlawful conduct during the plea hearing. Doc. 1 at 7. In support of his third ground, that the court violated Rule 11 of the Federal Rules of Criminal Procedure, he alleges that the court failed to inform him of the nature and essential

6

elements of the crime charged. Id. These allegations are procedurally barred because movant did not raise them on appeal. Shaid, 937 F.2d at 232. He has made no attempt to show cause and prejudice for his failure to raise the first ground.[3] He alleges that his appellate counsel failed to raise the third ground as he requested, but as explained, infra, there was no error to raise.

Any contention that movant was not charged with unlawful conduct, that movant's plea was not knowing and voluntary, or that movant was not informed of the nature and essential elements of the charge against him is belied by the record. "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). His factual resume is likewise entitled to the presumption. United States v. Abreo, 30 F.3d 29, 32 (5th Cir. 1994); Hobbs v. Blackburn, 752 F.2d 1079, 1081 (5th Cir. 1985). The factual resume sets forth the charge, i.e., the unlawful conduct, the maximum penalty movant faced, the elements of the offense, and the stipulated facts establishing that movant committed the offense. CR Doc. 19. In addition, movant testified in open court as recited above. CR Doc. 43. Movant's guilty plea was knowing

---

[3] In his reply, movant urges that this ground should have been raised on appeal and would have been but for the ineffective assistance of his appellate counsel. Doc. 11 at 1-9. That is not a ground raised in the motion and cannot be raised for the first time in the reply. The ground would have been frivolous in any event.

7

and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005). Movant has failed to provide any independent evidence in support of any of his contentions that are at variance with the statements he made, or the answers he gave, while under oath at the arraignment hearing.

Movant's second and fourth grounds allege that his counsel were ineffective at the plea hearing in failing to object to the Rule 11 violation and on appeal for failing to raise that same ground. Doc. 1 at 7-8. Inasmuch as there was no Rule 11 violation, counsel cannot have been ineffective in failing to object or to pursue the matter on appeal. United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999); Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994).

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby,

8

denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED February 17, 2022.

_____
JOHN McBRYDE
Senior United States District Judge

9